**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GRAFF/ROSS HOLDINGS LLP )<br>400 North Michigan Ave., Ste. 1616 )<br>Chicago, Illinois 60611, )<br> )<br>  Plaintiff, )<br> )<br> v. )<br> )<br>FEDERAL HOME LOAN MORTGAGE )<br>CORPORATION, A/K/A )<br>FREDDIE MAC )<br>8200 Jones Branch Drive, McLean, Virginia )<br>22102, )<br> )<br>  Defendant. )<br> ) | Civil Action No. 07CV796<br><br>DEMAND FOR JURY TRIAL |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF FEDERAL HOME LOAN MORTGAGE CORPORATION, a/k/a FREDDIE MAC**

For its Answer to the Complaint of Graff/Ross Holdings LLC ("Graff/Ross"), Defendant Federal Home Loan Mortgage Corporation, a/k/a Freddie Mac ("Freddie Mac") hereby responds to the numbered paragraphs of the Complaint, and in doing so denies the allegations of the Complaint except as specifically stated:

**Nature of Action**

1. Freddie Mac admits the Complaint purports to state a claim arising under the patent laws of the United States, Title 35 of the United States Code, for infringement of U.S. Patent No. 6,192,347 ("the '347 patent") and U.S. Patent No. 7,152,044 ("the '044 patent"), but denies that Complaint states such a claim.

**Parties**

2. Freddie Mac admits that Graff/Ross is a limited liability partnership having its principal place of business at 400 North Michigan Avenue, Suite 1616, Chicago, Illinois 60611.

3.  Freddie Mac admits that it is a corporation formed under Title 12 U.S.C. § 1452, having its principal place of business at 8200 Jones Branch Drive, McLean, Virginia 22102 with offices at 401 9th Street, N.W., Washington, D.C. 20004.

4.  Freddie Mac admits it may be sued, complain and defend, in any State, Federal or other court, under 12 U.S.C. §1452 ¶¶ (c)(7) and (f)(2).

5.  Freddie Mac admits it is in the business of the securitization of mortgages purchased from lenders throughout the U.S., the sale of fixed income instruments including mortgage-backed securities, and the direct investment in mortgages financed though the issuances of corporate debt.

6.  Freddie Mac admits it conducts sales of securities, including fixed income instruments, electronically, including over the internet. Freddie Mac has sold, and continues to sell, at least some of these securities, through bond auctions conducted electronically, including over the internet.

## Jurisdiction and Venue

7.  Freddie Mac admits that it has transacted and continues to transact business in this judicial district. Except as so admitted, Freddie Mac denies each and every allegation and characterization of paragraph 7 of the Complaint.

8.  Freddie Mac admits that this Court has jurisdiction over the subject matter under 28 U.S.C. §§ 1331, 1332, and 1338(a) and 12 U.S.C. §§ 1452 ¶¶ (c)(7) and (f)(2).

9.  Freddie Mac admits that for purposes of this lawsuit venue is proper in this district.

## United States Patent No. 6,192,347

10. Freddie Mac admits that United States Patent No. 6,192,347 ("the '347 patent") was issued on February 20, 2001, and is entitled "System and methods for computing to support decomposing property into separately valued components." Freddie Mac admits that the face of the '347 patent identifies Graff/Ross as the sole assignee of the patent. Except as so admitted, Freddie Mac denies each and every allegation and characterization in paragraph 10.

**United States Patent No. 7,152,044**

11. Freddie Mac admits that United States Patent No. 7,152,044 ("the '044 patent") was issued on December 19, 2006, and is entitled "Bidder system using multiple computers communicating data to carry out selling fixed income instruments." Freddie Mac admits that the face of the '044 patent identifies Graff/Ross as the sole assignee of the patent. Except as so admitted, Freddie Mac denies each and every allegation and characterization in paragraph 11.

**Count for Patent Infringement of U.S. Patent No. 6,192,347**

12. Freddie Mac incorporates its responses to Paragraphs 1-11, as if fully set forth herein.

13. Freddie Mac denies each and every allegation and characterization in paragraph 13.

**Count for Patent Infringement of U.S. Patent No. 7,152,044**

14. Freddie Mac incorporates its responses to Paragraphs 1-13, as if fully set forth herein.

15. Freddie Mac denies each and every allegation and characterization in paragraph 15.

**Jury Trial**

16. Freddie Mac denies that Plaintiff is entitled to any relief, either as requested in their Complaint for Patent Infringement, or otherwise. Freddie Mac denies that Plaintiff is entitled to a jury trial on equitable issues.

**Response to Plaintiff's Prayer for Relief**

Freddie Mac denies that Plaintiff is entitled to any relief, either as requested in their Complaint for Patent Infringement, or otherwise.

WHEREFORE, Freddie Mac respectfully prays that judgment be entered in its behalf and against Plaintiff, and that Freddie Mac be awarded its costs and fees of suit, and that it be granted such other and further relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

Defendant Freddie Mac asserts the following Affirmative Defenses to Plaintiff's Complaint for Patent Infringement, incorporating by reference to each affirmative defense the responses set forth above.

By raising these affirmative defenses, Defendant does not assume any burden of proof otherwise borne by Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
### (Non-infringement)

17.     Freddie Mac does not infringe, has not infringed and does not and has not induced infringement of any of the patents identified in Plaintiff's Complaint for Patent Infringement under any theory, including literal infringement or infringement under the doctrine of equivalents.

18.     No claim of any of the patents identified in Plaintiff's Complaint for Patent Infringement asserted by the Plaintiff can be validly construed to cover any product or method made, used, sold, offered for sale, or imported by Freddie Mac.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity under 35 U.S.C. §§ 101, 102, 103 and 112)

19.     Each claim of each of the patents identified in Plaintiff's Complaint for Patent Infringement relied upon by Plaintiff is invalid for failure to comply with one or more provisions of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§101, 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

20.     Upon information and belief, formed after a reasonable inquiry, Freddie Mac believes that Plaintiff should be estopped from bringing these infringement claims against Freddie Mac.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

21.     Upon information and belief, formed after a reasonable inquiry, Plaintiff unreasonably and inexcusably delayed in asserting its claims of infringement and this delay was prejudicial to Freddie Mac.

22.     Upon information and belief, formed after a reasonable inquiry, Freddie Mac believes that discovery in this case is likely to uncover evidence that relief for Plaintiff's infringement claims are barred by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Notice/Marking)

23.     Plaintiff is precluded by 35 U.S.C. § 287 from seeking damages for any alleged infringement prior to providing actual notice of the patents-in-suit to Freddie Mac.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

24.     To the extent Plaintiff seeks damages for alleged infringement more than six years prior to the filing of the present litigation, Plaintiff's claims are barred by the statute of limitations under 35 U.S.C. § 286.

### SEVENTH AFFIRMATIVE DEFENSE
### (Res Judicata)

25.     Plaintiff's claims are precluded by res judicata to the extent that the Court of Appeals for the Federal Circuit has already ruled upon the validity, infringement, and construction of the asserted claim limitations.

## COUNTERCLAIMS

Counterclaim plaintiff Federal Home Loan Mortgage Corporation, a/k/a Freddie Mac ("Freddie Mac") alleges the following counterclaims against Counterclaim defendant Graff/Ross Holdings LLP ("Graff/Ross").

### The Parties

1. Freddie Mac is a corporation formed under Title 12 U.S.C. § 1452, having its principal place of business at 8200 Jones Branch Drive, McLean, Virginia 22102 with offices at 401 9th Street, N.W., Washington, D.C. 20004.

2. On information and belief, Graff/Ross is a limited liability partnership having its principal place of business at 400 North Michigan Avenue, Suite 1616, Chicago, Illinois 60611.

### Jurisdiction and Venue

3. By the Complaint for Patent Infringement alleging infringement of United States Patent Nos. 6,192,347 ("the '347 patent") and 7,152,044 ("the '044 patent"), Graff/Ross has submitted to the jurisdiction and venue of this Court, and has created an immediate, real and justiciable controversy with Freddie Mac.

4. Graff/Ross purports to be the sole holder of the entire right, title and interest in the '347 and '044 patents, which Freddie Mac denies.

5. Each of Counterplaintiff's counterclaims set forth a cause of action arising under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 38 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6. These are compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure and this Court has jurisdiction over this pursuit pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201 and 12 U.S.C. § 1452.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

### FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '347 Patent)**

8. Freddie Mac repeats the allegations in paragraphs 1-7 as if fully set forth herein.

9. Freddie Mac does not infringe and has not infringed any claim of the '347 patent.

10. Freddie Mac seeks a declaration that its services and products do not infringe any claim of the '347 patent.

11. Freddie Mac is further entitled to permanent injunctive relief enjoining Graff/Ross from taking any actions or making any statements inconsistent with Freddie Mac's right to make, use, offer to sell, and/or sell any of its products or services.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '347 Patent)

12. Freddie Mac repeats the allegations in paragraphs 1-7 as if fully set forth herein.

13. The '347 patent, and each claim thereof, is invalid for failure to comply with the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

14. Freddie Mac seeks a declaration that the claims of the '347 patent are invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment of Estoppel)

15. Freddie Mac repeats the allegations in paragraph 1-7 as if fully set forth herein.

16. Freddie Mac seeks a declaration that Graff/Ross is estopped from asserting that Freddie Mac infringes the '347 Patent.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment of Laches)

17. Freddie Mac repeats the allegations in paragraph 1-7 as if fully set forth herein.

18. Freddie Mac seeks a declaration that Graff/Ross's relief for infringement of the '347 Patent is barred by the equitable doctrine of laches.

## FIFTH CAUSE OF ACTION

**(Declaratory Judgment of Res Judicata)**

19. Freddie Mac repeats the allegations in paragraph 1-7 as if fully set forth herein.

20. Freddie Mac seeks a declaration that Graff/Ross' claims of infringement of the '347 Patent are precluded by principles of res judicata.

## SIXTH CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '044 Patent)**

21. Freddie Mac repeats the allegations in paragraphs 1-7 as if fully set forth herein.

22. Freddie Mac does not infringe and has not infringed any claim of the '044 patent.

23. Freddie Mac seeks a declaration that its services and products do not infringe any claim of the '044 patent.

24. Freddie Mac is further entitled to permanent injunctive relief enjoining Graff/Ross from taking any actions or making any statements inconsistent with Freddie Mac's right to make, use, offer to sell, and/or sell any of its products or services.

## SEVENTH CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the '044 Patent)**

25. Freddie Mac repeats the allegations in paragraphs 1-7 as if fully set forth herein.

26. The '044 patent, and each claim thereof, is invalid for failure to comply with the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

27. Freddie Mac seeks a declaration that the claims of the '044 patent are invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

## EIGHTH CAUSE OF ACTION

**(Declaratory Judgment of Estoppel)**

28. Freddie Mac repeats the allegations in paragraph 1-7 as if fully set forth herein.

29. Freddie Mac seeks a declaration that Graff/Ross is estopped from asserting that Freddie Mac infringes any valid and asserted claim in the '044 Patent.

## NINTH CAUSE OF ACTION

### (Declaratory Judgment of Res Judicata)

30. Freddie Mac repeats the allegations in paragraph 1-7 as if fully set forth herein.

31. Freddie Mac seeks a declaration that Graff/Ross' claims for infringement of the '044 Patent are precluded by principles of res judicata.

## TENTH CAUSE OF ACTION

### (Exceptional Case)

32. Freddie Mac asserts that this case is an exceptional case as provided for in 35 U.S.C. § 285. For example, Graff/Ross patterned the independent claims of the '044 patent after the independent claims of U.S. Patent No. 6,161,099 ("the '099 Patent"). On July 14, 2008, the Federal Circuit found the independent claims of the '099 patent obvious as a matter of law in light of a primary reference, the Parity system, which it found to have been available in 1992. *MuniAuction, Inc. v. Thomson Corp.*, __ F.3d __, No. 2007-1485 (Fed. Cir. 2008). Accordingly, the corresponding claims in the '044 patent are also invalid as a matter of law and Graff/Ross' assertion of these claims makes this an exceptional case.

33. Further, in *MuniAuction*, the Federal Circuit found that the defendant Thomson did not infringe the "inputting data . . . into said bidder's computer via said input device" limitation of the '099 patent under *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007) because Thomson did not direct or control its bidders. Both the '044 and '347 patents claim steps that also require action at the buyer's computer. For example, claim 1 of the '044 patent requires the step of "inputting data . . . into said buyer's computer via said input means," and claim 101 of the '347 patent requires "converting input data . . . into input digital electrical signals representing the input data." Similar to Thomson's auction system, Freddie Mac does not direct or control its bidders, and thus does not infringe the '347 or '044 patents.

34. Accordingly, Freddie Mac does not infringe any valid claim of the '347 or '044 patents and Graff/Ross' assertion of the '347 and '044 patents against Freddie Mac makes this an exceptional case.

35. Freddie Mac seeks a declaration that Plaintiff's conduct in bringing this lawsuit makes this case is an exceptional case as provided for in 35 U.S.C. § 285.

**FREDDIE MAC'S PRAYER FOR RELIEF FOR ITS COUNTERCLAIMS**

WHEREFORE, Freddie Mac respectfully requests that Judgment be entered in its favor and against Graff/Ross on each of Freddie Mac's Counterclaims and that this Court grant the following relief:

(i) Entry of a Declaration that Freddie Mac does not infringe and has not infringed the '347 patent, under any theory, including literal infringement or infringement under the doctrine of equivalents;

(ii) Entry of a Declaration that Freddie Mac does not infringe and has not infringed the '044 patent, under any theory, including literal infringement or infringement under the doctrine of equivalents;

(iii) Entry of a Declaration that the claims of the '347 patent are invalid;

(iv) Entry of a Declaration that the claims of the '044 patent are invalid;

(v) Entry of a Declaration that Graff/Ross' damages for any infringement of the '347 Patent are limited by equitable doctrines of laches and estoppel;

(vi) Entry of a Declaration that this case constitutes as exceptional case as provided for to 35 U.S.C. §285 and an Award to Freddie Mac for its reasonable attorney's fees; and

(vii) Such other and further relief as the Court deems equitable and just in the circumstances.

        Respectfully submitted,

        /s/ Pamela S. Kane

        MATTHEW J. MOORE (D.C. BAR NO. 453773)
        PAMELA S. KANE (D.C. BAR NO. 451339)
        HOWREY LLP
        1299 Pennsylvania Avenue, N.W.
        Washington, D.C.  20004-2402
        Telephone:  (202)  783-0800
        Facsimile:  (202)  383-6610

        Attorneys for Defendant
Date:  August 20, 2008        FEDERAL HOME LOAN MORTGAGE
        CORPORATION.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF FEDERAL HOME LOAN MORTGAGE CORPORATION, a/k/a FREDDIE MAC**, was served on the 20th day of August, 2008 on the following, via facsimile and first-class mail:

>KENNETH A. FREELING
>DEWEY & LEBOEUF
>975 F Street, N.W.
>Washington, D.C. 20004-1405
>Telephone: (202) 862-1000
>Facsimile:  (202) 862-1093


>/s/ Pamela S. Kane
>Pamela S. Kane